**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| INDRATATI SELAMET, | No. 13-72182 |
| Petitioner, | Agency No. A088-129-499 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Indratati Selamet, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's finding that the incidents Selamet experienced in Indonesia, even considered cumulatively, do not rise to the level of persecution. *See id.* at 1059-60; *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009). Substantial evidence also supports the agency's finding that, under a disfavored group analysis, Selamet has not shown sufficient individualized risk to establish a well-founded fear of future persecution. *See Halim*, 590 F.3d at 977-79. We reject Selamet's contention that the agency applied the disfavored group analysis incorrectly. Accordingly, Selamet's asylum claim fails.

Because Selamet failed to meet the lower burden of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of CAT relief because Selamet failed to show it is more likely than not she will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

13-72182